UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOTTIE M. ROBINSON, et al.,

    Plaintiffs,                                               Civil Action No. 10-CV-11336

v.

                                                       HON. BERNARD A. FRIEDMAN

CITY OF DETROIT, et al.,

    Defendants.

_____/

## OPINION AND ORDER OF DISMISSAL

This matter is presently before the court on plaintiffs' motion to voluntarily dismiss the complaint as to defendant City of Detroit and to remand the remaining claims to state court [docket entry 9]. Pursuant to E.D. Mich. LR 7.1(f)(2), the court shall decide this motion without oral argument.

Plaintiffs commenced this action in Wayne County Circuit Court on March 9, 2010. They assert claims for assault, unlawful search, false imprisonment, trespass, invasion of privacy, and infliction of emotional distress against six unidentified City of Detroit police officers. Plaintiffs also assert a claim of "municipal constitutional liability" against the City of Detroit pursuant to 42 U.S.C. § 1983. All of plaintiffs' claims stem from the same incident in which the individual defendants allegedly conducted an unlawful search of plaintiffs' home. On April 2, 2010, defendant City of Detroit removed the matter to this court based on the presence of a federal claim.

In the motion now before the court, plaintiffs ask that the court dismiss their § 1983 claim against defendant City of Detroit and remand the remaining claims to state court. In response, defendant City of Detroit expresses no objection to plaintiffs' request to dismiss the federal claim, but argues that remanding the case would be inappropriate because the individual defendants have not been served with process.

The first aspect of plaintiffs' motion is governed by Fed. R. Civ. P. 41(a)(2), which permits voluntary dismissal "on terms that the court considers proper." As the Sixth Circuit has stated, "[w]hether dismissal should be granted under the authority of Rule 41(a)(2) is within the sound discretion of the district court." *Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994). Defendant City of Detroit concurs with plaintiffs' motion, but further requests that the § 1983 claim be dismissed with prejudice. While the presumption under Rule 41(a)(2) is that voluntary dismissals are without prejudice, plaintiffs indicate in their reply brief that they do not object to dismissing their complaint against this defendant with prejudice. The court shall therefore oblige the parties' joint request.

Regarding the second aspect of plaintiffs' motion, the court notes that plaintiffs have not identified or served any of the individual defendants. Further, the time limit provided under Fed. R. Civ. P. 4(m) for service of process has expired. The court shall therefore dismiss the complaint without prejudice as to these defendants pursuant to Rule 4(m). Since the complaint is being dismissed voluntarily as to defendant City of Detroit, and for lack of service as to the remaining defendants, there is nothing left for the court to remand. Accordingly,

IT IS ORDERED that plaintiffs' motion to dismiss is granted in part and denied in part as follows: the complaint is dismissed with prejudice as to defendant City of Detroit, and the related request for remand is denied.

IT IS FURTHER ORDERED that the complaint is dismissed without prejudice as to the individual defendants pursuant to Fed. R. Civ. P. 4(m).


                                              s/Bernard A. Friedman\_\_\_\_
                                              BERNARD A. FRIEDMAN
                                              SENIOR UNITED STATES DISTRICT JUDGE

Dated: July 19, 2010
       Detroit, Michigan